## McCOY et al. v. STATE.
### No. 17225.

Court of Criminal Appeals of Texas.
Feb. 13, 1935.

Reynold M. Gardner, of Amarillo, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, Judge.

Conviction is for robbery. The punishment assessed against each appellant was 17 years' confinement in the penitentiary.

The indictment properly charges the offense. The record is before us without statement of facts or bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.

## Ben McCOY and Houston Woodring v. STATE.
### No. 17223.

Court of Criminal Appeals of Texas.
Feb. 13, 1935.

Reynold M. Gardner, of Amarillo, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is robbery by assault; penalty assessed at confinement in the penitentiary for 25 years.

It is charged in the indictment that the appellants took from the person of Oscar Johnson the sum of $2.80 in money.

A plea of not guilty was entered by each of the appellants.

There is before us no statement of the facts heard before the jury.

The proceedings, so far as presented by the record, are regular.

The judgment and sentence take note of the Indeterminate Sentence Law (Vernon's Ann. C. C. P. art. 775), under the terms of which the appellants are condemned to suffer confinement in the state penitentiary for a period of not less than 5, nor more than 25, years.

No error having been perceived or pointed out, the judgment is affirmed.

## Ben McCOY and Houston Woodring v. STATE.
### No. 17224.

Court of Criminal Appeals of Texas.
Feb. 13, 1935.

Reynold M. Gardner, of Amarillo, for appellants.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is robbery; penalty assessed at confinement in the penitentiary for five years.

Appellants were jointly charged with the robbery by assault of W. M. Caraway, which resulted in taking from Caraway the sum of 40 cents.

The indictment appears regular and properly presented.

There is no statement of the evidence heard in the trial court brought forward for review.

Perceiving no error, the judgment is affirmed.